UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 11-CV-61820-DMM

ELIZA HEPBURN-BELIZAIRE,

    Plaintiff,

v.

ZAKHEIM AND ASSOCIATES,

    Defendant.
_____/

## DEFENDANT, ZAKHEIM AND ASSOCIATES' MOTION TO DISMISS COMPLAINT

### Summary of Motion:

The Plaintiff's Complaint asserts claims under Title VII and The Age Discrimination and Employment Act. Claims brought under those statutes must be filed within ninety days (90) of an administrative determination by the Equal Employment Opportunity Commission ("EEOC"). Here the Plaintiff waited more than a year after the EEOC's determination to file her lawsuit. Consequently, the Court should dismiss it with prejudice.

### Facts and Legal Authority:

1.    The Complaint in this case asserts claims arising under "Title V11 [sic] of the Civil Rights Act of 1964 [42 U.S.C. 1981 § 2000e, *et seq.* ("Title VII")], as amended and the Age Discrimination in Employment Act of 1967 as amended." [29 U.S.C. § 621, *et seq.* ("ADEA")]. *See Complaint, attached as* **Exhibit "1."**.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

539280.1

2. More specifically, the Plaintiff alleges various claims of discrimination and retaliation based on age, race, sex, and national origin.

3. Both Title VII and the ADEA require that plaintiffs exhaust their administrative remedies by filing a charge with the EEOC before filing a civil lawsuit. To proceed with a civil lawsuit, a plaintiff must then file a complaint within ninety days of receiving notice that the EEOC has made a determination on the charge. 42 U.S.C. §2000e-5(f)(1); 29 U.S.C. §626 (e) (ADEA); *Alvarado v. Boca Raton Community Hosp.*, 2010 U.S. Dist. LEXIS 106678 at *23 (S.D. Fla., Oct. 6, 2010); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (if the EEOC issues the employee a right-to-sue letter, the employee must file a complaint within 90 days of the receiving the letter).

4. Here, EEOC issued its Dismissal and Notice of Rights Letter to the Plaintiff on July 14, 2010. *See Dismissal and Notice of Rights Letter attached as "Exhibit 2."* According to the authority cited above (and the Notice or Right to Sue itself), the Plaintiff had ninety days from her receipt of the Notice—October 18, 2010—to file a federal lawsuit for ADEA violations.[1]

5. But the Plaintiff did not file this lawsuit until August 5, 2011—almost a year after the deadline had passed.

6. The fact that Plaintiff is *pro se*, does not excuse her failure to comply with the law's requirements. *See Morrison v. Morgan Stanley Props.*, 2007 U.S. Dist. LEXIS 58038 at *10 (S.D. Fla. 2007).

---

[1] When, as in this case, the actual date of receipt is unknown or in dispute, the court presumes that service by regular mail is received within three days under Rule 6(e). *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, n. 1 (1984). Thus, at the latest, the Plaintiff is presumed to have received notice on July 19, 2010 (allowing for the intervening weekend), and would have to have filed her complaint by October 20, 2010.

2
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

539280.1

CASE NO. 11-CV-61820-DMM

7.  Consequently, the Plaintiff's claim is time barred and must be dismissed with prejudice.

WHEREFORE, Zakheim and Associates, respectfully requests that this action be dismissed with prejudice.

> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> *Attorneys for Defendant*
> 3800 Bank of America Tower
> 100 Southeast Second Street
> Miami, Florida 33131
> (305) 374-4400 Telephone
> (305) 579-0261 Facsimile
>
> By: ___*s/ Christopher D. Brown*_____
> CHRISTOPHER D. BROWN
> Florida Bar No. 045004

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 18th day of August 2011, a true and correct copy of the foregoing was sent via U.S. Mail to:

> Eliza Hepburn-Belizaire, Pro Se
> 7831 Colony Circle North
> # 207
> Tamarac, Florida  33321

> ___*s/ Christopher D. Brown*_____
> CHRISTOPHER D. BROWN